# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N A, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, FOR THE BENEFIT OF WELLS FARGO BANK, N A,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JASON C. THOMAS, et al.,<br><br>　　　　　　Defendants. | 1:11cv02056 AWI DLB<br><br><br>ORDER REMANDING ACTION TO STATE COURT |

Defendants Jason C. Thomas and Tracey R. Thomas ("Defendants"), proceeding pro se, removed this action from the Fresno County Superior Court on December 14, 2011.

**DISCUSSION**

The underlying complaint is an unlawful detainer action filed by Plaintiff Bank of America, N A, successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP for the benefit of Wells Fargo Bank, N A ("Plaintiff") on August 26, 2011, in Fresno County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary

1

remand." 28 U.S.C. § 1446(c)(4). These removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Defendants seek removal based on original jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

Defendants have failed to demonstrate that the action arises under federal law. Plaintiff's complaint asserts only a cause of action for unlawful detainer. An unlawful detainer action arises under state law and does not involve any federal claims.

Defendants appear to argue that removal is proper because they have challenged the complaint by alleging that the Notice to Occupants to Vacate Premises failed to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.[1] However, any purported federal law defense or counterclaim is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action. Vaden, 129 S.Ct. at 1273; Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Accordingly, Defendants have failed to show that removal is proper based on a federal question and this Court lacks subject matter jurisdiction.

---

[1] Defendants cite this statutory provision as "The Protecting Tenants at Foreclosure Act." In relevant part, 12 U.S.C. § 5220 is part of the Emergency Economic Stabilization Act and, more specifically, a subchapter entitled "Troubled Assets Relief Program."

Additionally, while the court makes no determination on the issue, it is noted that federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010).

**ORDER**

The Court ORDERS that this action be REMANDED to Fresno County Superior Court.

IT IS SO ORDERED.

Dated: __December 16, 2011__          _____/s/ Dennis L. Beck_____
                                    UNITED STATES MAGISTRATE JUDGE